**6**

Audrey M. WATTERS and Robert E. Watters, Appellants,

v.

The KELLEY FISCHER COMPANY, INC., Respondent.

No. 48556.

Missouri Court of Appeals, Eastern District, Division Three.

May 28, 1985.

Irwin M. Roitman, St. Louis, for appellants.

Steven P. Kuenzel, Washington, for respondent.

CLEMENS, Senior Judge.

Plaintiff real estate sales managers sued defendant, subdivision owner to recover unpaid salary. This as had been agreed to in the parties' written contract. After hearing plaintiff's testimony the trial court denied recovery and they appeal.

In explaining its ruling for defendant the trial court declared the parties' contract was terminable at the will of either party. We do not agree.

■ We look to the parties' written contract of April 1, 1974, received in evidence without objection. Its now pertinent parts: Defendant had employed plaintiffs, licensed real estate brokers, as sales managers for its development; that plaintiffs "will each receive an annual salary of $12,-000" and that other "commissions shall be accounted for on an annual basis"; that plaintiffs "shall commence the earnings of their salaries April 1, 1974." No part of the parties' contract referred to plaintiffs' employment for less than one year.

■ Plaintiffs' evidence did not show they breached the employment contract. Their evidence was that during the sixth month of employment defendant's manager Joe Kelley declared defendant was not going to pay plaintiff Robert Watters "because of tight money ... and that sales were down." Further, Kelley then told plaintiffs "he didn't need either of us; that they had Gordon Gundaker's company coming in within a couple of days, and they were going to take over. And we were out." We recite this testimony to show it was defendant not plaintiffs who terminated the employment contract.

The plaintiffs' claim is based on the terms of the parties' written contract. See the landmark case of *Leggett v. Missouri State Life Insurance Company*, 342 S.W.2d 833[11, 12] (Mo. banc 1960). Omitting supporting citations, the court there ruled:

"If the terms of a contract are clear and unambiguous the contract will be en-

forced or given effect in accordance with its terms, and without resort to construction to determine the intention of the parties.... In such case the construction of the parties if at variance with the written terms, will not be followed ... but the contract will be construed as written.... When the language of a contract is plain there can be no construction because there is nothing to construe."

In *L & K Realty Company v. R.W. Farmer Construction Co.*, 633 S.W.2d 274[1–5] (Mo.App.1982) the court relied on LEGGETT supra, and declared:

"When the language of a contract is plain, there can be no construction because there is nothing to construct.... Action by the parties after execution of a contract tending to show an interpretation by them at variance with the plain terms of the contract will not control and the contract will be applied as written."

To the same effect see *Dill v. Poindexter*, 451 S.W.2d 365[18–22] (Mo.App.1970).

We hold the trial court erred in summarily dismissing plaintiffs' petition. We reverse and remand.

DOWD, P.J., and CRIST, J., concur.